[Civ. No. 45430. Second Dist., Div. Two. June 19, 1975.]

WARREN SHERAR et al., Plaintiffs and Appellants, v.
B AND E CONVALESCENT CENTER, Defendant and Respondent.

228

## COUNSEL

Roger A. Kander and Lloyd B. Hartman for Plaintiffs and Appellants.

Morgan & Roper and Thomas B. Cummings for Defendant and Respondent.

## OPINION

**COMPTON, J.**—Eileen Wampler was a nurse's aid employed by B & E Convalescent Center. At approximately 6:50 in the morning on August 16, 1972, she was backing out of her driveway preparatory to driving to her place of employment. Plaintiffs Warren and Kevin Sherar who were riding on a motorcycle, collided with Eileen Wampler's automobile and suffered injury.

Plaintiffs commenced an action against Eileen Wampler and her employer, B & E Convalescent Center (employer). Employer moved for

summary judgment and upon documents which were properly before the court the motion was granted on the grounds that at the time of the accident Eileen Wampler was not in the course and scope of her employment, leaving no triable issue of fact as to the liability of the employer.

The evidence presented no factual dispute. Eileen Wampler's regular duty hours were 7 a.m. to 3 p.m., and all of her duties were performed at one location—the B & E Convalescent Center at 14819 South Vermont in the City of Gardena. She was never required to travel to any other location to perform any services incident to her employment. No arrangements had ever been made to have her travel time considered as a part of her working day nor was she at any time compensated for travel to and from work.

The entire basis for plaintiffs' contention that the doctrine of *respondeat superior* would, under the circumstances, impose liability on the employer for the negligence of Eileen Wampler, was the fact that from time to time she was subject to special call to report for work at times other than her regular hours of work although it is conceded that on the date of the accident she was going to her regular work shift.

■ We conclude as a matter of law that the simple fact that an employee may be subject to call to duty during hours other than their normal duty hours does not without more make their travel to and from work an activity which is within the scope of their employment.

Plaintiffs concede that generally an employee who is going to or coming from work is not, during such times, considered to be acting in the course or scope of his employment. This is the so-called "going and coming" rule. (*Hinman* v. *Westinghouse Elec. Co.*, 2 Cal.3d 956 [88 Cal.Rptr. 188, 471 P.2d 988].) The court in *Hinman* did recognize certain exceptions to the general rule, none of which are present in the case at bench. ■ The underlying basis of those exceptions is the presence of an incidental benefit to the employer which is not common to the regular commuting of the general members of the work force.

Plaintiffs characterize the exception which they contend is applicable to this case as a so-called "special call" exception. Such characterization, however, is merely an attempt to bring the situation of Eileen Wampler under the exceptions recognized by *Hinman, supra*. The contest here then is the "going and coming" rule versus the "benefit to the employer" rule.

In *Harris* v. *Oro-Dam Constructors,* 269 Cal.App.2d 911, at pp. 916-917 [75 Cal.Rptr. 544], the application of the "going and coming" rule was analyzed as follows: "First, it is usually invoked when the employee performs services 'at or in a particular plant or upon particular premises. . . .' Second, it has particular application to vehicle accidents of employees *whose jobs do not embrace driving."* (Italics added.)

In *Huntsinger* v. *Glass Containers Corp.,* 22 Cal.App.3d 803 [99 Cal.Rptr. 666], the Court of Appeal undertook to analyze the exceptions to the "going and coming" rule in light of the underlying philosophy of the doctrine of *respondeat superior.* Relying on *Hinman* v. *Westinghouse Elec. Co., supra,* the court concluded that *respondeat superior,* which is based upon a philosophy that the employer should stand the loss for torts of employees which are incident to the employer's business or enterprise, should, consistent with that philosophy, apply to an employee driving to and from work where that employee performed duties both in the company office and in the field, who made many unplanned and unpredicted field trips and who from time to time made customer calls on his way home from work.

In *Smith* v. *Workmen's Comp. App. Bd.,* 69 Cal.2d 814 [73 Cal.Rptr. 253, 447 P.2d 365], the "going and coming" rule was held inapplicable *where the employer required an employee to furnish a vehicle for transportation on the job* and where there was no evidence at the time of the accident that the employee was not driving directly to or from work. The "benefit to the employer" was present there as it was in *Richards* v. *Metropolitan Life Ins. Co.,* 19 Cal.2d 236 [120 P.2d 650], where the employee had duties both in the office and in the field, was not required to report to the office before commencing work and if he had a sale or some other service call to make early in the morning he would make it before going to the office. It was held thus that his driving to work was within the scope of his employment even though at the time of the particular accident he was not actually engaged in such activity.

Plaintiffs here in relying on *Richards* and *Smith, supra,* make the mistaken assumption that if Eileen Wampler had actually been on a special call at the time of the accident there would have been liability on the part of the employer and from what they reason, under the authority of those cases it was immaterial that on the particular occasion involved she was not on a special call. They contend that being available for special call of necessity required her to have an automobile as a condition of employment. Citing *Hinojosa* v. *Workmen's Comp. Appeals Bd.,* 8 Cal.3d 150 [104 Cal.Rptr. 456, 501 P.2d 1176].

*State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd.,* 29 Cal.App.3d 902 [106 Cal.Rptr. 39], is more in point. There the Court of Appeal held that a policeman who was in uniform and commuting to the police station to report for work was not within the course and scope of his employment and did not come within the exception to the "going and coming" rule. There an even stronger case than here could be made for an application of the exception since it is generally considered that policemen are actually on duty 24 hours a day and are required to take police action when the opportunity presents itself. It is also a matter of common knowledge that policemen are subject to call for extra duty and that their hours are subject to change on short notice.

█ We conclude that Eileen Wampler's travel to and from her work was not within the scope of her employment even though she might on any occasion be traveling at special hours at the request of her employer. In traveling to and from her regular place of employment at whatever hour or however frequent, she performed no activity which was of incidental benefit to her employer. She was simply an employee whose hours of duty were subject to change on short notice and it would be immaterial to the employer just how she got to work, whether it be by private car, taxi cab, public transportation or with the assistance of friends. Eileen Wampler's job did not embrace driving a vehicle and her involvement in an automobile accident, albeit en route to work, could not be considered an incident of the employer's enterprise.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied July 11, 1975, and appellants' petition for a hearing by the Supreme Court was denied August 13, 1975.