Ara Marie HISTED, Claimant
Below, Appellant,

v.

E.I. DU PONT DE NEMOURS & CO.,
Employer Below, Appellee.

Supreme Court of Delaware.

Submitted: Jan 12, 1993.
Decided: March 10, 1993.

William R. Peltz of Kimmel, Weiss & Carter, P.A., Wilmington, for claimant below, appellant.

Robert W. Ralston, Wilmington, for employer below, appellee.

Before HORSEY, MOORE and WALSH, JJ.

MOORE, Justice.

Ara Marie Histed appeals a decision of the Superior Court affirming the Industrial Accident Board's (the "Board") denial of workers' compensation benefits to her. Ms. Histed was injured in an automobile accident that occurred outside of her normal work hours while she was responding to her employer's call for emergency service at one of its plants. This case raises an issue we have not previously addressed under our workers' compensation law—when, if ever, can an employee's commute to the work site qualify under the "special errand" exception to the general "going and coming" rule of employer nonliability? The Board ruled that her return trip to the plant did not qualify under the "special errand" exception, and the Superior Court affirmed. We reverse. Under the totality of circumstances here—including the urgency, inconvenience, increased risk, compensation for, and purpose of the claimant's trip—the necessary factual bases exist to convert what would otherwise be an ordinary commute into a special errand for the employer's benefit in the course and scope of Ms. Histed's employment.

I.

On Monday, January 9, 1989, at 2:00 a.m., Ms. Histed was called by her employer, E.I. Du Pont de Nemours & Co. ("Du Pont"), to return to work at one of its plants. Apparently, an instrument breakdown had brought the plant to a standstill, and all production ceased. None of the workers on duty could fix the problem. Although Ms. Histed could have declined this assignment, she immediately responded to the call, and was injured enroute in an automobile accident that was not her fault. She petitioned the Board for com-

pensation for her injuries. Relief was denied on the ground that her trip to the plant fell within the general "going and coming" rule of employer nonliability.

Ms. Histed has been employed by Du Pont for twenty-six years. At the time of the accident she was a senior instrument technician. Although her regular shift was from 7:00 a.m. to 3:30 p.m., Monday through Friday, her position also required her to be available for emergency "on-call" assignments outside of her regular working hours. As compensation for these emergency assignments, Ms. Histed is paid a three hour minimum based upon her regular hourly rate plus time and one half for each hour actually worked. Over the years she has responded to many emergency calls.

The Board concluded that the additional three hour payment was not reimbursement for the journey, because the payment bore no relationship to the distance or the time required for the employee's travel. Instead, it was described as consideration for "inconvenience." The Board further held that the trip was not a substantial part of Ms. Histed's service to Du Pont because her work did not begin until she arrived at the plant. The Superior Court affirmed, and this appeal followed.

## II.

■ Whether Ms. Histed's injuries occurred in the course and scope of her employment is a mixed question of law and fact. In an appeal from the Board, we examine the record for any errors of law in applying our worker's compensation act, 19 *Del.C.* § 2301 *et seq.* (the Act). We also determine whether substantial evidence supports the findings below. When factual determinations are at issue, we must take due account of the experience and specialized competence of the Board and of the purposes of our workers' compensation law. 29 *Del.C.* § 10142(d). Inherent in these considerations is that the Board's action must be consistent with the purposes of the Act, and in the absence of actual

fraud, that its factual findings are supported by substantial evidence on the record. *Id.* "Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Olney v. Cooch*, Del.Supr., 425 A.2d 610, 614 (1981).

## A.

■ Under the Act every employee is bound to accept compensation for personal injury caused by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies. 19 *Del.C.* § 2304. The philosophy of the Act is to obviate the need for litigation and to give an injured employee, irrespective of fault, prompt compensation. *Duvall v. Charles Connell Roofing*, Del. Supr., 564 A.2d 1132, 1133 (1989); *Frank C. Sparks Co. v. Huber Baking Co.*, Del. Supr., 96 A.2d 456, 461 (1953). Thus, the law must be interpreted liberally to fulfill its intended compensation goal under § 2304. *Duvall*, at 1134. Towards that end, Delaware is one of forty-three states that have adopted the British Compensation Act formula—providing compensation for injuries "arising out of and in the course of employment"—to ensure compensation for work-related injuries. 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 6.10 (1990).[1] Consistent with the majority rule, 19 *Del.C.* § 2301(15) defines a compensable personal injury as:

> "Personal injury sustained by accident arising out of and in the course of the employment [but it] shall not cover an employee except while he is engaged in, or about the premises where his services are being performed, which are occupied by, or under the control of, the employer (his presence being required by the nature of his employment), or while he is engaged elsewhere in or about his employer's business where his services require his presence as a part of such service at the time of injury...."

1. Those states that have deviated from the British coverage formula include Utah, West Virginia, Pennsylvania, Texas, Washington, Wisconsin and North Dakota.

■ This statute has been interpreted to create the so-called "going and coming" rule of employer nonliability. Thus, injuries resulting from accidents during an employee's regular travel to and from work are noncompensable. *Bernadette's Hair Designers v. Incollingo*, Del.Super., C.A. No. 89A–JN–10, Babiarz, J., slip op. at 2, 1990 WL 105023 (July 16, 1990); *see also* 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 15.11 (1990). The rationale behind this rule is that employees face the same hazards during daily commuting trips as does the general public. Such risks, therefore, are no different from those confronting workers on personal excursions. *Alitalia Linee Aeree Italiane v. Tornillo*, 91 Md.App. 191, 603 A.2d 1335, 1337 (1992).

## B.

■ For Ms. Histed to collect workers' compensation benefits under 19 *Del.C.* § 2304, she must prove by a preponderance of the evidence that she suffered a personal injury resulting from an accident occurring within the course and scope of her employment. *Johnson v. Chrysler Corp.*, Del.Supr., 213 A.2d 64, 66 (1965); *Weaver v. Sea Watch Intern.*, Del.Super., C.A. No. 91A–12–003, Graves, J., slip op. at 1, 1992 WL 114063 (May 18, 1992). Ms. Histed does not challenge the general proposition of the going and coming rule. Her contention is that the "special errand" exception applies to her case. That exception is a recognized principle of Delaware law. *Cook v. A.H. Davis & Son*, Del.Super., 567 A.2d 29, 31 (1989); *Quality Car Wash v. Cox*, Del.Super., 438 A.2d 1243, 1245 (1981). The substance of this rule is that:

> When an employee, having identifiable time and space limits on his employment, makes an off-premises journey which would normally not be covered under the usual going and coming rule, the journey may be brought within the course of employment by the fact that the trouble and time of making the journey, or the *special inconvenience, hazard* or *urgency* of making it in the particular circumstances, is itself sufficiently substantial to be viewed as an integral part of the service itself.

1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.10 (1990) (emphasis added). Ms. Histed reasons that her journey was of special inconvenience and urgency, constituting a substantial part of the service she provides to her employer. We agree and find the exception fully applicable here.

## C.

The going and coming rule is one of the most familiar and troublesome concepts in workers' compensation law. *Eady v. Medical Personnel Pool*, Fla.Supr., 377 So.2d 693, 695 (1979). Several cases have considered application of the rule in the context of commuting, but with differing results. In *Eady*, an on-call medical nurse received compensation for injuries sustained in an auto accident that occurred while she was driving to a private patient's home. The court recognized that although there is no general exemption for on-call workers, the special errand exception often arises within the context of an after-hours call from an employer. *Id.* at 695. Although the irregularity and suddenness of a call from an employer almost always qualifies as a special errand, exempt from the going and coming rule, the single circumstance of irregular hours is by itself insufficient. *Id.* Notwithstanding this restriction, the nurse in *Eady* was awarded compensation because she had taken a sudden assignment to an irregular destination, which constituted a substantial part of the claimant's service to her employer. *Id.*

The courts also consider the increased risk to an employee making an after-hours journey on behalf of an employer. In *Hickey v. Union Pacific R. Co.*, 104 Or. App. 724, 803 P.2d 275, 278 (1990), a warehouse foreman's death was compensable because of an extra, late night trip made outside of normal hours. The court seemed to recognize that such a trip inherently presents increased risks to an employee. *Id.* 803 P.2d at 278.

In *Johnson v. Fairbanks Clinic*, Alaska Supr., 647 P.2d 592, 595 (1982), the court granted a physician compensation for an injury incurred while driving to the hospi-

tal. Significantly, the court observed that although there may not have been an emergency need for the physician's services, the court was unwilling to question his judgment as to the necessity for him to make the trip. *Id.* at 595. Since the court found that distance and weather conditions made the trip more hazardous than the employee's regular commute, it ruled that the trip fell under the special errand exception.

Finally, in *Briggs v. American Biltrite,* N.J.Supr., 74 N.J. 185, 376 A.2d 1231, 1233–34 (1977), the court offered one of the broadest interpretations of the special errand rule. *Briggs* held that an employee was entitled to compensation for an injury sustained in an automobile accident when the employee drove to his employer's plant to work overtime. Ruling that the employee's attendance at his usual place of work at a time outside of the normal work week constitutes a special service to the employer, the court concluded that the going and coming rule was inapplicable. *Id.* 376 A.2d at 1234. Even more important, however, the court observed that the going and coming rule has rather limited applicability, extending only to those routine daily trips to or from an employee's fixed place of business at specified hours at the beginning or end of the normal work day. *Id.* at 1233.

Other cases, apparently based on their facts, have refused to apply the special errand rule. In *Moosebrugger v. Prospect Presbyterian Church,* 12 N.J. 212, 96 A.2d 401, 403 (1953), compensation was denied to a church janitor who fell while returning to the church after dinner to perform his duties for an evening meeting. The court held that his return was not a special service because his participation in the meeting was within the normal course and scope of his duties. *Id.* 96 A.2d at 403.

Similarly, in *Sherar v. B. and E. Convalescent Center,* 49 Cal.App.3d 227, 230–31, 122 Cal.Rptr. 505 (1975), the court held that the claimant's travel to and from work was not within the scope of her employment even though she was on call and subject to traveling at special hours at the request of her employer. The court reasoned that in traveling to and from her regular place of employment, at whatever hour or however infrequently, she performed no activity of incidental benefit to her employer. *Id.* at 230, 122 Cal.Rptr. 505. Instead, she was simply an employee whose work schedule was subject to change on short notice. Under such circumstances the court concluded that it was immaterial to her employer how she got to work. *Id.* at 230–231, 122 Cal. Rptr. 505.

### D.

■■■■ Superficially, these cases seem irreconcilable. Upon closer examination, however, a common theme appears. *Moosebrugger* and *Sherar* suggest concern over whether an after-hours call should fall under the exception if such calls are a routine part of the employee's job. *Eady, Hickey* and *Johnson,* however, simply recognize coverage when unexpected or exigent circumstances precipitate the call for service and, as a result, the employee is forced to travel under more hazardous conditions than those faced during a regular commute. Taken as a whole, these cases simply stand for the well-recognized proposition that the elements of urgency or increased risk may supply the necessary bases for converting a routine trip into a special errand. *See* 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.14–16.15 (1990).

Significantly, it seems that in those cases denying compensation there was an absence of the element of urgency. In *Moosebrugger,* no exigency existed because the janitor's regular routine involved returning to the church to clean the meeting room. Likewise, in *Sherar,* it was the regular practice of claimant's employer to alter her work schedules, requiring performance of normal duties on a shifting basis.

In Ms. Histed's case, there was nothing at all routine about the circumstances leading to the emergency call she received. An instrument had malfunctioned, and all production at the plant where she worked had ceased—a clear economic emergency from the employer's perspective. It also represented a distinct departure from the rou-

tine duties Ms. Histed performed during the normal work day. Under these circumstances, no doubt remains that there was an urgency associated with her journey. Consistent with the rationale of *Hickey, Johnson* and *Briggs,* this element of urgency supplies a necessary factual basis to qualify Ms. Histed's trip for compensation under the special errand exception.

## III.

■ We recognize that questions relating to the course and scope of employment are highly factual. Necessarily, they must be resolved under a totality of the circumstances test.

Here, there is the issue of increased risk. Ms. Histed's employer requested she drive to work at 2:00 a.m.—five hours before her regular shift. That is an important factor since it required Ms. Histed to engage in a substantially more *inconvenient* or *hazardous* trip. Standing alone, it may justify application of the special errand rule. *See, e.g.,* 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.14 (1990); *Briggs,* 376 A.2d at 1234; *International Art Studios v. Industrial Comm'n,* 83 Ill.2d 457, 47 Ill.Dec. 718, 415 N.E.2d 1031 (1980) (compensation awarded for death of claimant who was driving late at night to accommodate supervisor's request to work unforeseen overtime). *See also Thurston Chem. Co. v. Casteel,* Okla.Supr., 285 P.2d 403 (1955); *Schreifer v. Industrial Acc. Comm'n,* 61 Cal.2d 289, 38 Cal.Rptr. 352, 391 P.2d 832 (1964). *Cf. Tampa Ship Repair & Dry Dock Co. v. Young,* Fla.App., 421 So.2d 706 (1982).

■ There also is the factor of Du Pont's compensation plan. Ms. Histed was entitled to three hours' travel pay in addition to time and one half for each hour actually worked while on call. When an employee is paid an identifiable amount as compensation for time spent in traveling to and from work, the trip is within the course of employment. 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.21 (1990); *Voehl v. Indemnity Ins. Co.,* 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676 (1933) (agreement to compensate employee for special errand may be shown by course of business); *Perkins v. Marine Terminals Corp.,* 673 F.2d 1097 (9th Cir.1982) (fact that claimant was paid an additional one-half hour's pay per day for travel put his trip within recognized exception to going and coming rule). Thus, standing alone, the existence of travel pay is strong evidence that an employee is within the course and scope of employment while on a trip to and from work.

■ In rejecting Ms. Histed's claim, the Board relied on 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.21 (1990), for the proposition that the compensation exception does not apply if the payment has no relationship to the distance or time required for the trip. Larson, however, offers no such sweeping statement of the law. In fact, the proposition is in a footnote about a case that narrowly interpreted the general rule. *See Kerr v. Industrial Commission,* 23 Ariz.App. 106, 530 P.2d 1139 (1975) (per diem allowance not compensation for trip in part because it was paid regardless of the distance traveled).

The clear majority of cases interpreting equivalent statutes follow the rule that a compensated trip is within the course and scope of employment. *See, e.g., Bernards v. Wright,* 93 Or.App. 192, 760 P.2d 1388 (1988) (fact that employee was paid "something" for travel time took accident out of the normal going and coming rule); *Serrano v. Industrial Commission,* 75 Ariz. 326, 256 P.2d 709 (1953) (travel and subsistence pay equal to one hour's pay sufficient to render injury compensable); *Continental Cas. Co. v. Thompson,* 130 Ga.App. 270, 202 S.E.2d 835 (1973) (claimant in course of employment because employer paid one hour's wages for travel pay); *Commonwealth Edison Co. v. Industrial Commission,* 86 Ill.2d 534, 56 Ill.Dec. 846, 428 N.E.2d 165 (1981) (claimant was in course of employment because employer paid two hours' wages as travel allowance anytime employee was called in to work on his day off); *Whaley v. Steuben County Rural Elec. Membership Corp.,* 139 Ind. App. 520, 221 N.E.2d 435 (1966) (foreman, driving to work after emergency call-in,

**346**

was within the course and scope of employment because employer paid him an additional hourly amount from the time he left home even though he had to first report to the place of business before driving to the work site). The fact that Ms. Histed received three hours' pay in addition to time and one half for each hour actually worked, is explicit evidence of an intent to compensate her for such travel. Since no requirement exists that any additional compensation be specifically designated as travel pay, it is enough for purposes of the compensation exception that part of this payment serves to reimburse the employee for his or her additional travel expense or inconvenience.

When interpreting the Act, we bear in mind its purpose and our duty to construe and administer it with reasonable liberality. *Children's Bureau v. Nissen*, Del.Supr., 29 A.2d 603, 609 (1942). Thus, under all the circumstances here, we conclude that Ms. Histed's return trip to the plant qualified as a special errand fully entitling her to compensation.

In addition to the urgency of her trip, and the fact of her travel pay, strong evidence supporting a compensation claim, we also note: (1) the time and trouble of making the journey, (2) the special inconvenience, and (3) the hazards of making the trip under such circumstances. Taken together, all these factors may be viewed as an integral part of the service itself. *See, e.g.,* 1 A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 16.10 (1990). We therefore reverse and remand this case to the Superior Court with directions to reverse the Board and remand the matter to the Board with instructions to enter an appropriate award in claimant's favor.