# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JOHN FREGAPANE, | ) ) ) ) | |
| Appellant | ) ) | C.A. No. N18A-07-004 CLS |
| v. | ) ) | |
| WESCO DISTRIBUTION, INC., | ) ) | |
| Appellee. | ) ) ) ) | |

Date Submitted: November 15, 2018
Date Decided: December 12, 2018

Upon Consideration of Appellant's Appeal from the
Unemployment Insurance Appeal Board.
**AFFIRMED**

John Fregapane, 3151 Wrangle Hill Road, Bear, Delaware, 19701. *Pro Se* Appellant.

Daniel C. Mulveny, Esquire, Department of Justice, 820 North French Street, 6th Floor, Wilmington, Delaware, 19801. Deputy Attorney General.

**Scott, J.**

## Facts

On March 23, 2018, notice was mailed to Mr. Fregapane (Claimant) that his claim for unemployment benefits was denied. The notice stated Claimant had until April 2, 2018, to file an appeal. Claimant received the notice, but due to misreading the letter and a mistaken belief of the appeals deadline, he did not file an appeal until April 9, 2018. On April 24, 2018, a hearing on the issue of timeliness of the appeal was held with a Department of Labor Appeals Referee. The Referee determined there was no error on the part of the Department of Labor in sending notice to Claimant, therefore the appeal was untimely. The Unemployment Insurance Appeal Board (UAIB) affirmed the Referee's determination the appeal was untimely, therefore not reviewable.

## Standard of Review

In any judicial proceeding under this section, the findings of the UIAB as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.[1] The Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]

---

[1] 19 *Del. C.* § 3323 (a).
[2] *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del.1993).
[3] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (citing *Olney v. Cooch*, 425 A.2d 610, 614 (1981)).

The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[4]

## Analysis

Under 19 *Del. C.* § 3318(b), an individual must file an appeal within 10 calendar days after the Claims Deputy's determination was mailed to the last known addresses of the Claimant and the last employer, otherwise the Claims Deputy's determination shall be final.[5]

The Appeals Referee determined there was no error on the part of the Department of Labor in mailing its denial of benefits to Claimant on March 23, 2018. The lateness of the appeal was due partly to Claimant's mistaken belief he had 30 days to file an appeal of the decision. There is no indication of an administrative error on the part of the Department of Labor.[6] Accordingly, the Board's decision is **Affirmed**.

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[4] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965).
[5] 19 Del. C. § 3318 (b)
[6] See *Alcide v. Mountaire Farms of DE, Inc.*, 2018 WL 3173495, at *2 (Del. Super. Ct. 2018).