# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHEILA CORBETT, )
)
Appellant, )
)
v. )
)
) C.A. No. N19A-04-003 CLS
HARVEST CHRISTIAN )
ACADEMY and )
UNEMPLOYMENT INSURANCE )
APPEAL BOARD, )
)
Appellees. )

Date Submitted: July 19, 2019
Date Decided: October 29, 2019

*Upon Consideration of Appellant's Appeal from the Unemployment Insurance
Appeal Board*
**Reversed and Remanded.**

Sheila Corbett, *Pro Se.*

Katherine Barksdale, Esquire, Roeberg, Moore & Friedman, P.A., Wilmington, Delaware, Attorney for Appellee Harvest Christian Academy.

Daniel C. Mulveny, Esquire, Deputy Attorney General, Department of Justice, Civil Division, Wilmington, Delaware, Attorney for Appellee Unemployment Insurance Appeal Board.

**SCOTT, J.**

1. Before the Court is the Appellant's appeal from a decision of the Unemployment Insurance Appeal Board ("Board"). The Board reversed a Referee's Decision. The Board found that Claimant had voluntarily left her employment without good cause in connection with her work. Therefore, Claimant was disqualified from receiving unemployment benefits.

2. The scope of review of an appeal from the Unemployment Insurance Appeals Board is limited to errors of law and whether the decision is supported by substantial evidence.[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[3]

3. The record indicates that Claimant was employed by Harvest Community Development Group ("Employer") until June 14, 2018. On that date Claimant took a leave of absence to pursue a GED, without which, she could not obtain a license to teach.

4. The Board's decision indicates that there was no contact between Claimant and Employer from the date of the leave request until she filed a claim for

[1] *Fregapane v. WESCO Distribution, Inc.*, 2018 WL 6584912, at *1 (Del. Super. Dec. 12, 2018).
[2] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[3] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

unemployment, October 31, 2018—which seems to contradict the discussion in the opinion that Claimant refused Employer's offers to keep Claimant working while she pursued the qualifications she needed to become a teacher.[4]

5. The Board seems to base its decision on an offer by Employer to Claimant on February 4, 2019, well after Claimant filed her original claim, and after she had prevailed in this litigation twice over.

6. The Board's decision is **Reversed and Remanded** because it failed to provide substantial evidence to support its decision.

_____
**The Honorable Calvin L. Scott, Jr.**

---

[4] *Corbett v. Harvest Community Development Corp.*, App. No. 21110881, at 4 (Del. Unemployment Insurance Appeals Board Mar. 6, 2019).