**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MICHELE KOCHIS,        )
                                     )
    Claimant Below-Appellant,    )
                                     )
              v.              )     C.A. No.: N20A-07-012 CEB
                                   )
CONNECTIONS CSP,       )
                                   )
    Employer Below-Appellee.   )

Submitted: January 25, 2021
Decided: April 30, 2021

*Upon Consideration of Claimant's Appeal
of the Decision of the Industrial Accident Board.*
**AFFIRMED.**

**ORDER**

In connection with the appeal of Michele Kochis ("Claimant") of the decision

of the Industrial Accident Board ("IAB") against her and in favor of the employer,

Connections CSP ("Employer"), the Court enters the following Order:

1. In August 2019, Claimant fell and sustained an injury to her left knee

while working for the Employer at the James T. Vaughn Correctional Center.

2. In November 2019, Claimant filed a Petition to Determine

Compensation Due, seeking a finding from the Industrial Accident Board ("the

IAB") that she suffered a compensable left knee injury and was entitled to further

payment of medical expenses and wage benefits. The IAB conducted a hearing and

ultimately decided that Claimant did not meet her burden of proving that 1) she suffered traumatic injury to her knee due to the fall at work or 2) the fall caused the required treatment of her left knee after August 2019.

3.  In November 2020, Claimant filed an appeal of the IAB ruling with this Court. Claimant alleges the IAB erred because its conclusions were not supported by substantial evidence.

4.  The Court has jurisdiction over appeals from administrative agencies, including appeals from the IAB.[1] On appeal, the Court's review of the agency's decision is limited to a determination whether the findings and conclusions are supported by substantial evidence and free from legal error.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] The Court reviews the agency's legal determinations *de novo*.[4] The Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[5] The Court must give deference to the experience and

---

[1] 29 *Del. C.* § 10142(a).

[2] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965); *see also Glandon v. Land Prep Inc.*, 918 A.2d 1098, 1100 (Del. 2007).

[3] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[4] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[5] *ILC of Dover, Inc. v. Kelley*, 1999 WL 1427805, at *1 (Del. Super. Nov. 22, 1999) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

specialized competence of the Board.[6] The briefs of the parties belie the Court's standard of review. Each is a detailed, granular rehash of the witness' testimony before the IAB. Aside from the cases supporting the standard of review – about which there is essentially no disagreement – the briefs are bereft of case authorities, only underscoring how fact intensive their positions are.

5.      As stated, the IAB's decision favoring the Employer will be affirmed so long as it is supported by substantial evidence. A substantial evidence standard of review is not an invitation for the Court to examine each witness' testimony and weigh questions of credibility, all of which was done by the IAB.

6.      Claimant's difficulty in making her case that the workplace fall was the source of her injury was the many pre-existing conditions that she brought to the workplace. The testimony revealed that Claimant suffered from a 20-year history of rheumatoid arthritis that would flare up periodically and keep her out of work for as much as a week at a time. She also suffered from chronic erythema nodosum, a skin condition causing redness and swelling on her lower legs. Other diagnoses included pitting edema and cellulitis.

8.      Claimant had physician testimony to the effect that Claimant had a left knee sprain and related complications. Had the IAB chosen to do so, it could have

_____

[6] *Del. Transit Corp. v. Hamilton,* 2001 WL 1448239 (Del. Super. Oct. 31, 2001) (citing *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993)).

sustained the physician's opinion that Claimant's condition was caused by the workplace incident.

9.      Employer had physician testimony that questioned whether Claimant's medical problems were caused by the workplace injury or were simply continuations of the long term bilateral venous disease, lymphedema and erythema nodosum.  The IAB chose to credit this testimony over that of the Claimant's experts.

10.     As with many cases heard by the IAB, this one came down to a battle between two medical expert opinions.  The IAB decided to credit the Employer's expert.  That is one of the possible results.  It is not necessary that the IAB resolve every gap, contradiction or internal inconsistency in the testimony.   The question on review is simply whether the conclusion is supported by substantial evidence. Having reviewed the record, the Court concludes that there was no legal error and the Board's decision was supported by substantial evidence.

For all of the foregoing reasons, the decision of the IAB in favor of the Employer is **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

3