IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DORREATHA CORNISH,                )
                                  )      C.A. No: S22A-03-002 RHR
        Appellant,                )
                                  )
    v.                            )
                                  )
HCSG EAST, LLC and                )
UNEMPLOYMENT INSURANCE            )
APPEAL BOARD,                     )
                                  )
        Appellees.                )

Submitted: June 29, 2022
Decided: August 16, 2022

*Upon Consideration of an Appeal of a Decision of the
Unemployment Insurance Appeal Board,* **AFFIRMED**.

## **ORDER**

Upon consideration of Dorreatha Cornish's ("Cornish") appeal from the Unemployment Insurance Appeal Board's (the "Board") denial of her unemployment insurance claim for benefits against her former employer, HCSG East, LLC, it appears to the Court that:

1.      Cornish filed a claim for unemployment benefits with the Department of Labor ("Department") on February 1, 2021, alleging she was terminated from her

employment. A Department Claims Deputy ("Claims Deputy") determined that Cornish had only been on a disciplinary suspension and that she returned to work on March 17, 2021; therefore, she was ineligible for benefits. The Claims Deputy's determination was dated June 17, 2021, and informed Cornish that she had until June 27, 2021, to appeal. When she did not appeal, the Claims Deputy's decision became final.

2. Months later, on October 28, 2021, Cornish emailed the Department stating she was "filing an appeal" for unemployment benefits.[1] A Claims Deputy considered the appeal to be untimely but scheduled a hearing with an Appeals Referee ("Referee") to address only the untimeliness issue.[2] The hearing was scheduled for January 10, 2022, and notice of the hearing was mailed to Cornish on December 9, 2021.

3. Cornish did not appear for the January 10, 2022 hearing. The Referee determined that Cornish failed to prosecute her case, dismissed Cornish's appeal, and affirmed the Claims Deputy's determination. This decision was sent by first class mail to Cornish's address on file on January 10, 2022, and advised Cornish that

---

[1] This email was not included in the Department's certified record but was attached to Cornish's Opening Brief. The Department argues this Court should not consider the email because it is not part of the certified record. However, the Department does not explain why it was not included in the record.

[2] From the record before the Court, it is not clear what Cornish's employment status was at the time she emailed her "appeal" in October. If she had been terminated after the June 17 hearing—the hearing that determined she was ineligible for benefits because she was only suspended, not terminated—she may have thought that she was filing a new claim rather than an appeal.

2

she had ten days—until January 20, 2022—to appeal the Referee's decision to the Board.

4.      After the close of business on January 21, 2022, Cornish sent an email to the Department requesting another hearing date.[3] Cornish stated she "got the date mixed up" and thought the hearing was on January 22, not January 10.[4] She said she realized her mistake on January 17 and that she called the Department the next day. She claims that someone at the Department told her to request another hearing date.

5.      The Department apparently considered Cornish's email to be a request for an appeal of the Referee's January 10 decision.[5]

6.      The Board held a hearing on February 2, 2022, to consider whether it would exercise its discretion to accept Cornish's untimely appeal.[6]  The Board declined to do so and affirmed the Referee's decision. The Board noted that it exercises this discretion very rarely, typically in situations where administrative error on the part of the Department prevented the claimant from filing a timely appeal or where the interests of justice so require.[7]

---

[3] Record ("R") at 17; R. at 11.
[4] R. at 17.
[5] Again, the record is not entirely clear. Cornish's January 21 email was included as part of the record. However, the Appeal Request Notification form included as part of the record stated the appeal was received on January 24 at 8:56 by mail or personal delivery.
[6] "The Unemployment Insurance Appeal Board may on its own motion, affirm, modify, or reverse any decision of an appeal tribunal . . . or it may permit any of the parties to such decision to initiate further appeal before it."
[7] R. at 12.

7.      On March 9, 2022, Cornish timely filed an appeal to this Court.

8.      On appeal, Cornish claims that she attempted to timely file her appeal from the Referee's decision on January 20, 2022, but because she did not have internet access, she had to use the computers at a public library to submit her appeal. She went to two libraries, but both had closed early because of imminent inclement weather.[8] Cornish states that she realized on January 17 that she had missed the January 10 hearing, so she called the Department on January 18. On that call, Cornish claims she was told about the January 20 deadline for her appeal and that her hearing would just be rescheduled.[9] Cornish also relates that, in any event, she could not have received the Referee's decision before it had become final because (i) mail deliveries were delayed because of COVID-19 and (ii) she only checks her mail once or twice a week.[10]

9.      The Board filed a letter response to Cornish's opening brief. The Board argues that the only issue for this Court to consider is whether the Board abused its discretion by denying Cornish's appeal based on her failure to timely file her appeal of the Referee's decision.

---

[8] In her notice of appeal, Cornish also alleges that she was not "correctly" or lawfully fired. Cornish waived this argument by failing to raise it in her opening brief. In any event, the only question properly before this Court is whether the Board abused its discretion by declining to hear Cornish's untimely appeal.

[9] App. Opening, Br., D.I. 6, 2-3.

[10] *Id.*

10.    Cornish filed a lengthy reply brief. The brief contains an extensive narrative of her employment and the problems she had with co-workers and supervisors. The reply brief also includes dozens of attachments and exhibits, many of which are heavily annotated. Cornish's arguments and documentation may have been relevant to her claims with the Department, but they are not helpful in this stage of the proceedings.

11.    This Court's scope of review is limited to determining whether the Board's decision was free from legal error and supported by substantial evidence.[11] Substantial evidence includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12] In such appeals, this Court views the record in the light most favorable to the prevailing party below, and does not weigh evidence, assess credibility, or make independent factual findings.[13] "Legal determinations by the Board are reviewed for abuse of discretion."[14]

12.    The Court agrees that the only issue properly before it is whether the Board abused its discretion when it declined to exercise its discretion and hear Cornish's untimely appeal. The Board has discretion to *sua sponte* accept an

---

[11] *Morgan v. Anchor Motor Freight, Inc.*, 506 A.2d 185, 188 (Del. Super. Ct. 1986).
[12] *Histed v. E.I. duPont Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).
[13] *Thompson v. Unemployment Insurance Appeals Board*, 25 A.3d 778, 782 (Del. 2011).
[14] *Simmens v. General Motors Corp.*, 2012 WL 1415503, at *2 (Del. Super. Ct. April 10, 2012) (citing *Funk v. Unemployment Insurance Appeal Board*, 591 A.2d 222, 225 (Del. 1991)).

untimely request for an appeal.[15] However, the Board rarely exercises this discretion.[16] The Board found Cornish was given notice and an opportunity to be heard, and that there was no reason to exercise its discretion to hear her untimely appeal.

13.    The ten-day period to appeal a Referee's determination begins to run on the date the determination is mailed to the claimant unless the mailing fails to reach the recipient because of some mistake made by employees of the Department.[17] "Where the lateness of the appeal is due to the claimant's unintentional or accidental actions, not due to an administrative error, the Referee's determination will become final and § 3318(c) will jurisdictionally bar the claim from further appeal."[18] Cornish has not cited to any administrative error. And Cornish's argument that she would not have received the Referee's decision in her mail in time to file a timely appeal to the Board because of her infrequent trips to check her mail and potential mail delays must be rejected. Where the Referee's decision is properly addressed and has proper postage, there is a presumption that

---

[15] *Funk*, 591 A.2d at 225 (affirming the strict application of the time limit by the Board where the appeal was filed five days after the decision became final even where the Referee's decision was misdelivered because of a mistake not attributable to the Department).

[16] *Martin v. Wackenhut Sec.*, 2010 WL 629555, at *2 (Del. Super. Ct. Feb. 22, 2010).

[17] *Slater v. J.C. Penny Inc.*, 2012 WL 2905303, at *4 (Del. Super. Ct. July 17, 2012).

[18] *Martin*, 2010 WL 629555, at *2.

the mailed package was timely received.[19] Cornish's claims are not attributable to the Department, and Cornish fails to rebut this presumption of timely reception.

14. This Court does not find that the Board abused its discretion. The record clearly reflects that Cornish filed her appeal one day after the expiration of the appeal period. And, Cornish's own filings reflect that she knew of the January 20 deadline on January 18, two days before she attempted to file an appeal. Cornish's own failure to follow deadlines set by Delaware law caused her inability to present the merits of her claim. Cornish missed the appeal period from her initial denial of benefits from the Claims Deputy, failed to appear at her January 10 hearing with the Referee, and then missed the appeal period—albeit only by one day—from the Referee's decision. Considering current postal delays, the ten-day timeframe to file an appeal may seem unduly burdensome, but that period is set by statute and is jurisdictional.[20]

15. Based on the foregoing, this Court is satisfied that the Board applied correct legal standards and reached a decision supported by substantial evidence. Therefore, the judgment of the Board must be **AFFIRMED**.

**IT IS SO ORDERED.**

cc:  Dorreatha Cornish                                    /s/ *Robert H. Robinson, Jr.*
     All counsel of record (File & Serve)        Judge

---

[19] *Straley v. Advanced Staffing Inc.,* 2009 WL 1228572, at *3 (Del. Super. April 30, 2009) ("[I]f notice is properly addressed by the agency and not received because of some fault of the party to whom it was addressed, the notice may be deemed sufficient even if the party did not receive it.").
[20] 19 *Del. C.* § 3318; *Martin,* 2010 WL 629555, at *2.

7