**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SACKENA RUSSELL FOWLER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N22A-02-001 CLS |
| GT WILMINGTON USA and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Date Submitted: March 3, 2023
Date Decided: March 27, 2023

*Upon Appellant's Appeal from Division of Unemployment Insurance Board's Re-Determination Decision.* **AFFIRMED.**

## ORDER

Sackena Russell-Fowler, Wilmington, DE, 19804, *Pro Se*, Appellant.

Lauren E.M. Russell, Esquire, Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware 19801, Attorney for Appellee, GT USA Wilmington LLC.

Victoria W. Counihan, Esquire, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Appellee, Delaware Division of Unemployment Insurance.

Victoria E. Groff, Esquire, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Appellee, Unemployment Insurance Appeal Board.

**SCOTT, J.**

1

## INTRODUCTION

Before this Court is Appellant Sackena Russell-Fowler's ("Ms. Russell-Fowler") appeal of a Division Claims Deputy determination Ms. Russell-Fowler owes benefits back relating to a decision, on remand, from the Delaware Unemployment Insurance Appeal Board (the "Board") finding that Ms. Russell-Fowler did not commit fraud when reporting her wages. For the following reasons, the matter is **AFFIRMED.**

## PROCEDURAL BACKGROUND

This appeal case number began when Ms. Russell-Fowler filed an appeal of a prior decision of the Board, dated January 24, 2022, which upheld a Division Claims Deputy decision finding that Ms. Russell-Fowler received PUA benefits to which she was not entitled through fraud/misrepresentations (the "Fraud Determination"). The Fraud Determination alleged that for certain weeks while she was collecting PUA benefits, Ms. Russell-Fowler's employers reported that she had worked and earned wages that she either did not report to the Division or she underreported to the Division. During the appeal of the Fraud Determination in this Court, the Division discovered both factual and legal errors in the Fraud Determination - including the weeks included, the amount of misreporting, and the law that applied to the type of benefits at issue (federal Pandemic Unemployment Assistance

benefits). On May 24, 2022, the Court ordered the appeal be remanded to the Board to develop the record and apply the legal standards for PUA fully and accurately.

Upon remand, the Board held another hearing, on June 8, 2022, regarding the Fraud Determination. The Board considered the corrected evidence presented by Ms. Russell-Fowler and the Division witness. The Board issued a decision ("Remanded Decision") in favor of Ms. Russell-Fowler, finding she did not misrepresent her wages, and any errors or omissions in reporting her earnings were the result of errors with the Division's computer systems. The Remanded Decision reversed the Division's Fraud Determination and found that Ms. Russell-Fowler was not disqualified on the basis of fraud, as previously decided. The Remanded Decision included a statement that Ms. Russell-Fowler may still have received benefits to which she was not entitled, through no fault of her own, and that the Board's decision finding she did not act fraudulently did not preclude a future determination by the Division that she is obligated to repay benefits she was not eligible to receive. That Board decision reversing the Fraud Determination became final on June 26, 2022 and was not appealed by any party to this Court.

On June 19, 2022, because of the Board's finding of no fraud and computer error in the reporting of Ms. Russell-Fowler's other wages, a Division Claims Deputy issued a new redetermination decision (the "Non-Fraud Determination"). The Non-Fraud Determination decision found that due to a computer error, on a non-

fraud basis and through no fault of the Ms. Russell-Fowler, the Ms. Russell-Fowler's other earnings for certain weeks while she was collecting PUA benefits were reported incorrectly, which resulted in Ms. Russell-Fowler being paid five weeks of PUA benefits under the federal CARES Act to which she was not entitled. If her other earnings during the 2 weeks she was collecting PUA benefits had been input into the computer properly, then for those five weeks, she would not have been entitled to a PUA benefit because she earned too much in other wages those weeks to qualify. The Non-Fraud Determination indicated, under to the CARES Act and the applicable federal regulations, when the Division determines that any claimant received PUA benefits to which they were not entitled, even if such payment of benefits was through no fault of the claimant or by mistake of the Division, the claimant is required to repay the Division the overpayment and the Division is obligated under that federal law to recover the overpayment. Ms. Russell-Fowler subsequently appealed the Non-Fraud Determination based upon the following grounds: (1) the Board already made a decision on 6/16/2022, which became final on 6/26/2022, (2) The Board stated that they were only focused on PUA and not the traditional unemployment, and (3) the attorney for the Unemployment Appeals board produced a document that stated that they are not seeking to uphold its decision on appeal.

**STANDARD OF REVIEW**

On appeal from an administrative board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[3] The Court does not "weigh evidence, determine questions of credibility or make its own factual evidence findings."[4]

**DISCUSSION**

Upon remand, there are two distinct determinations at issue: the Remanded Decision and Non-Fraud Determination. Ms. Russell-Fowler appealed the Non-Fraud Determination, which requires her to pay back benefits based upon the recalculation of her earning benefits, considering the Remanded Decision determining she did not commit fraud. The Remanded Decision gave a Notice of Possible Recovery of Overpayment of Benefits. As contained in the notice, according to 19 Del. C. § 3325, any person who has received any sum of

---

[1] *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del.1993).
[2] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (*citing Olney v. Cooch*, 425 A.2d 610, 614 (1981)).
[3] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965).
[4] *Id.* at 67.

5

unemployment compensation benefits and is later finally determined to not be entitled to the funds, shall be liable to repay the overpayment of benefits. Additionally, the notice warns that when the decision becomes final, the Division of Unemployment Insurance will proceed to establish and collect any debt that may be owed due to overpayment so Ms. Russell-Fowler may have been required to pay back benefits she had already received. Claimants may be overpaid based on no fault to their own and regardless of fault, the Division is entitled to any moneys overpaid to any claimant.[5]

Here, the Remanded Decision became final on June 28, 2022. As a result of the Remanded Decision, just like the Notice indicated, the Division of Unemployment Insurance proceeded with establishing whether Ms. Russell-Fowler was overpaid benefits, resulting in the Non-Fraud Determination. At this point, there is nothing more for this Court to order but to AFFIRM the Non-Fraud Determination as the determination was based upon the final Remanded Decision. Ms. Russell-Fowler is required to pay back the benefits for the weeks in which she was not eligible.

---

[5] 20 CFR § 625.14; 19 DE Code § 3325(a) (2020).

**CONCLUSION**

Therefore, for the foregoing reasons, the decision of the Board is

**AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**