# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADRIENNE M. MCGRELLIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N15A-09-003 ALR |
| | ) | |
| VISIONQUEST NATIONAL &, | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION

Submitted: March 23, 2016
Decided: March 30, 2016

*On Appeal from Decision of the*
*Unemployment Insurance Appeal Board*
**AFFIRMED**

Adrienne M. McGrellis, Appellant

Paige J. Schmittinger, Esq., Department of Justice, Deputy Attorney General, Wilmington, Delaware, Attorney for Appellee Unemployment Insurance Appeal Board

**ROCANELLI, J.**

This is an appeal by Adrienne McGrellis ("Claimant") from a determination of the Unemployment Insurance Appeal Board ("UIAB") issued on August 31, 2015 in Case No. 20990828. The UIAB determined that Claimant voluntarily terminated her employment with VisionQuest National ("Employer") without good cause and, therefore, was disqualified from receiving unemployment benefits. Claimant filed this appeal regarding the UIAB's decision. For the reasons set forth below, the decision of the UIAB is **AFFIRMED**.

## Facts and Procedural History

Claimant worked for Employer as a pre-trial Family Court case manager from September 11, 2013 to May 1, 2015, when she resigned. The Department of Labor issued a Notice of Determination on May 19, 2015, disqualifying Claimant for unemployment insurance benefits, finding that Claimant voluntarily terminated her employment without good cause. Claimant filed a timely appeal.

An Appeals Referee conducted an Unemployment Insurance Appeals Hearing on June 18, 2015. Following the hearing, the Appeals Referee issued an opinion affirming the determination that Claimant voluntarily terminated her employment without good cause. Claimant filed a timely appeal of the Appeals Referee's decision.

The UIAB held a hearing on July 22, 2015. In a decision issued on August 21, 2015, the UIAB affirmed the decision of the Appeals Referee by a vote of 3-1.

1

The UIAB determined that Claimant voluntarily terminated her employment without good cause and, therefore, Claimant was disqualified from the receipt of unemployment benefits. Claimant now appeals the decision of the UIAB.

## **Standard of Review**

The Court's appellate review of decisions of the UIAB is limited. This Court will not weigh the evidence, determine questions of credibility, or make its own factual findings.[1] Instead, the Court is restricted to a consideration of the record.[2] The Court considers the record in the light most favorable to the prevailing party before the UIAB.[3]

The scope of review for any court considering a decision of the UIAB is whether the UIAB abused its discretion.[4] Absent abuse of discretion, the Court must uphold a decision of the UIAB.[5] An appellate review of an UIAB decision is limited to determining whether the UIAB's finding and conclusions are free from legal error and are supported by substantial evidence in the record.[6] Substantial evidence is relevant evidence that a reasonable person could accept as adequate to

---

[1] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).

[2] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761, 763 (Del. 1976); *Brown v. Unemployment Ins. Appeal Bd.*, 2011 WL 863310, at *2 (Del. Super. Feb. 3, 2011); *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003); *see Christopher v. Zerefos*, 2001 WL 1729138, at *1 (Del. Super. Nov. 26, 2001).

[3] *Thompson*, 25 A.3d at 782.

[4] *See Funk v. Unemp't Ins. App. Bd.*, 591 A.2d 222, 225 (Del. 1991).

[5] *Id* at 225; *Dept. of Labor v. Medical Placement Services, Inc.*, 457 A.2d 382, 383 (Del. Super. 1982).

[6] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).

2

support a conclusion.[7] The decision of the UIAB must be affirmed if it is supported by substantial evidence.[8]

## Discussion

This Court must decide if there is substantial evidence in the record to support the UIAB's decision that Claimant voluntarily left her employment without good cause such that she is disqualified from the receipt of unemployment benefits. Viewing the record in the light most favorable to Employer, the prevailing party before the UIAB,[9] the Court is satisfied that there is substantial evidence in the record to support the findings of the UIAB and that such findings are free from legal error.

### I. The Evidence before the UIAB

The UIAB considered the evidence presented at the July 22, 2015 UIAB hearing and the evidence presented to the Appeals Referee. Claimant was the only witness at both hearings; Employer did not attend. At the hearings, Claimant admitted that she resigned from her employment; therefore, the only issue was whether Claimant terminated her employment for good cause. At the UIAB hearing, Claimant argued that she resigned for good cause because she was

---

[7] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993); *PAL of Wilmington*, 2008 WL 2582986, at *3.

[8] *General Motors Corp. v. Freeman*, 164 A.2d 686 (Del. 1960); *Lively v. Dover Wipes Co.*, 2003 WL 21213415, at *1 (Del. Super. May 16, 2003).

[9] *See Thompson*, 25 A.3d at 782 (noting that the Court viewed the record in the light most favorable to the Claimant where Claimant was the prevailing party before the UIAB).

concerned for her physical safety while working for Employer. Claimant explained that her clients are juveniles on probation and, as part of her job description, she is required to visit her clients at their homes and/or at their schools and some of these visits take place in the City of Wilmington, Delaware. Claimant expressed serious concern for her safety because of the rise of crime in Wilmington and the lack of a weapon for protection or the assistance of a partner. In the past, Claimant made a request to Employer to have her client visits in Employer's office; however, Employer declined Claimant's request. Further, Claimant described two situations in which she felt her safety was at danger. In one situation, Claimant observed her client be attacked. In another situation, Claimant was approached by a client's parents and Claimant felt threatened.

## II. The UIAB's determination that Claimant voluntarily terminated her employment without good cause is supported by substantial evidence.

An employee who voluntarily terminates her employment "without good cause attributable to such work" is disqualified from receiving compensation benefits.[10] The claimant employee has the burden of establishing good cause.[11] The Delaware Supreme Court has provided that a claimant establishes good cause to terminate her employment where:

---

[10] *Benjamin v. Net, Inc.*, 2013 WL 1091219, at *4 (Del. Super. Feb. 26, 2013) a*ff'd*, 72 A.3d 501 (Del. 2013).
[11] *Id.*

4

> (i) an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed; and (ii) the employee first exhausts all reasonable alternatives to resolve the issues before voluntarily terminating his or her employment.[12]

An employee does not have good cause to terminate her employment "merely because there is an undesirable or unsafe situation connected with the employment."[13]  Similarly, unhappiness arising out of an unpleasant work environment, without more, does not constitute good cause to terminate employment.[14]

While the Court is sympathetic to the nature of Employer's work, the risks of which Claimant is concerned are precisely the type of risks associated with her duties as a pre-trial case manager.  Importantly, Claimant was aware of these risks before accepting the position.  Claimant testified that, upon hiring, Claimant was aware that she would be providing various community-based services to at-risk clients in Wilmington.  At the time she was hired, Claimant was aware that she would be making client visits both alone and unarmed.  There was no change in the Claimant's duties from the time that she was hired.  While Claimant's safety concerns are understandable, her concerns do not rise to the level of such that "no reasonably prudent employee would have remained employed" to establish good

---

[12] *Thompson*, 25 A.3d at 783.
[13] *Ament v. Rosenbluth Int'l*, 2000 WL 1610770, at *2 (Del. Super. Aug. 31, 2000).
[14] *Thompson*, 25 A.3d at 784.

5

cause,[15] particularly where Claimant understood the risks and nature of her employment before her employment commenced. Accordingly, there is substantial evidence in the record to support the decision of the UIAB that Claimant voluntarily terminated her employment without good cause.

## Conclusion

The Court has examined the record below and determined that substantial evidence supports the decision of the UIAB. The decision is free from legal error and the UIAB did not abuse its discretion. Accordingly, the decision of the UIAB must be and hereby is **AFFIRMED**.

**IT IS SO ORDERED** this 30th day of March, 2016.

*Andrea L. Rocanelli*

_____

The Honorable Andrea L. Rocanelli

---

[15] *Id.* at 783 (". . . an employee voluntarily leaves employment for reasons attributable to issues within the employer's control and under circumstances in which no reasonably prudent employee would have remained employed . . . .").