# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                         )
    Employer/Appellant,  )
                         )   C.A. No. N17A-02-007 ALR
    v.                   )
                         )
MARK DESANTIS,           )
                         )
    Employee/Appellee.   )

Submitted: September 8, 2017
Decided: October 17, 2017

*On Appeal from the Industrial Accident Board*
**REVERSED and REMANDED**

<u>**MEMORANDUM OPINION**</u>

Jessica L. Julian, Esquire, Benjamin K. Durstein, Esquire, Marshall Dennehey Warner Coleman & Goggin, Attorneys for Appellant

Frederick S. Freibott, Esquire, The Freibott Law Firm, P.A., Attorney for Appellee

**Rocanelli, J.**

This is an appeal from a decision of the Industrial Accident Board ("Board") which awarded compensation for injuries sustained in an automobile accident while an employee was commuting home from work.

**Factual Background**

Mark DeSantis was employed as a Construction Manager for DelDOT and was responsible for the inspection, execution, and administration of the construction activities for DelDot's Paving and Rehabilitation Program. DeSantis had an office in Bear, Delaware. His core hours of employment were either 8:00 A.M. to 4:00 P.M. or 7:00 A.M. to 3:00 P.M. Nevertheless, DeSantis's position required him to visit various roadway construction sites for inspections. It was common for DeSantis to work overtime and visit roadway construction sites after his core hours because many roadway construction projects take place at night. When being compensated for overtime, DeSantis submitted a time sheet for hours spent at jobsites, but he was not compensated for any time commuting to or from his home, either during core hours or when working overtime. DeSantis had the option of using a State vehicle, but he was not permitted to drive the State vehicle to his home.

After his core hours on October 16, 2014, DeSantis attended a professional association function for the American Society of Highway Engineers ("ASHE") in the evening. Attendance at the AHSE function was not part of DeSantis' employment responsibilities at DelDOT. DeSantis left the ASHE function at

1

approximately 10:30 P.M. and drove to a construction site on Kirkwood Highway, where DeSantis had plans to meet with Robert Pierson, whose company had been retained by DelDOT to mill and pave a stretch of Kirkwood Highway, to address a "rideability" issue. When DeSantis arrived at the worksite, Pierson had already left for the evening. DeSantis stayed on site until approximately 11:30/11:45 P.M. and then left the jobsite to drive home. During his commute home, at approximately 12:03 A.M. on October 17, 2014, DeSantis was involved in a motor vehicle accident and suffered extensive injuries.

## Procedural Background

DeSantis sought compensation for injuries he sustained in the motor vehicle accident that occurred on October 17, 2014 when DeSantis was commuting to his home from the jobsite. Pursuant to 19 *Del. C.* § 2301(B), the parties stipulated to having the matter decided by a hearing officer ("Hearing Officer"). The Hearing Officer issued the Board's decision on December 29, 2016 ("Board Decision"), concluding that DeSantis's injuries arose out of and in the course of his employment for the State of Delaware and were therefore compensable under 19 *Del C.* § 2304. The State appeals the Board Decision.

2

## Board Decision

The Board stated that, under *Spellman v. Christiana Care Health Services*,[1] the inquiry must focus first on whether the employment contract at issue contemplates that the employee's activity at the time of the accident was work-related. The Board found that DelDot did not compensate DeSantis for commuting time. Nevertheless, the Board found that DeSantis could recover based on a finding that DeSantis was an employee with a semi-fixed place of business, which is an exception to the "going and coming" rule. In addition, the Board found in the alternative that DeSantis's injuries were compensable because his travel activity was "unusual, urgent or risky."[2]

## Standard of Review

The Court has statutorily conferred jurisdiction over appeals from administrative agencies, including appeals from the Board.[3] On appeal from a Board decision, the Court's role is limited to determining whether the Board's conclusions are supported by substantial evidence and free from legal error.[4] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

---

[1] 74 A.3d 619 (Del. 2013).
[2] *Gondek v. Easy Money Group*, 2013 WL 7095816, at *2 (Del. Super. Dec. 27, 2013).
[3] 29 *Del. C.* § 10142(a).
[4] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

to support a conclusion."[5]  The Court reviews the Board's legal determinations *de novo*,[6]  which "requires the Court to determine whether the Board erred in formulating or applying legal principles."[7]

## Discussion

The Delaware Worker's Compensation Act ("Act") provides that an employee is entitled to receive compensation for injuries sustained in accidents "arising out of and in the course of employment."[8]  Whether an injury arises out of and in the course of employment is a mixed question of law and fact.[9]  The Act provides that an injury does not arise out of and in the course of employment unless:

> [T]he employee is engaged in, on or about the premises where the employee's services are being performed, which are occupied by, or under the control of, the employer (the employee's presence being required by the nature of the employee's employment), or while the employee is engaged elsewhere in or about the employer's business where the employee's services require the employee's presence as part of such service at the time of the injury . . . .[10]

---

[5] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. Nov. 29, 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[6] *Guardado*, 2016 WL 6958703, at *3; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[7] *Estate of Fawcett v. Verizon Delaware, Inc.*, 2007 WL 2142849 (Del. Super. July 25, 2007).

[8] 19 *Del. C.* § 2304.

[9] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[10] 19 *Del. C.* § 2301(19)(a).

Delaware courts historically interpreted that statutory language to create what is referred to as the "going and coming" rule.[11]  The "going and coming" rule provides that "injuries resulting from accidents during an employee's regular travel to and from work are noncompensable."[12]  However, the courts also developed "a veritable potpourri" of exceptions to the "going and coming" rule.[13]

*In Spellman*, the Delaware Supreme Court considered the "going and coming" rule and its various exceptions and expressed concerns that the "going and coming" rule and the exceptions thereto were being incorrectly treated as "statutorily derived, freestanding rules of law."[14]  The Court emphasized that the rule and its exceptions "are only aspects or elements of a more fundamental inquiry, namely, whether under the totality of the circumstances, the employment contract between employer and employee contemplated that the employee's activity at the time of the injury should be regarded as work-related and therefore compensable."[15]  Therefore, the Court established a framework for analyzing whether an accident arose out of and in the course of employment.

---

[11] *Histed*, 621 A.2d at 343.
[12] *Id.*
[13] *Spellman,* 74 A.3d at 623 (referring to the "special errand" exception, the "compensation" exception, the "premises" exception, and the "semi-fixed place of employment" exception).
[14] *Id.* at 625.
[15] *Id.*

Under the *Spellman* framework, the Board is directed to first focus on the employment agreement itself to determine if the terms of the employment contract contemplate that the employee's travel time is compensable.[16] If the terms of the employment agreement resolve the issue, the Board's inquiry must end.[17] According to *Spellman*, the Board may only consider "secondary default presumptions and rules of construction," like the "going and coming rule" and its various exceptions, where the evidence of the employment contract is insufficient to end the inquiry.[18] Thus, the "going and coming rule" and its exceptions "are not primary, first-resort, rules of decision."[19]

Therefore, under *Spellman*, the Board was first required to consider evidence of the employment contract to determine if DeSantis' drive home from the construction site was compensable. To that end, the Board considered the testimonial evidence regarding the terms of the employment contract, which included the fact that DeSantis was not paid for travel time or mileage between his home and work. This should have ended the inquiry.

However, the Board then utilized the "semi-fixed place of employment" exception to the "going and coming" rule as part of the purported contractual

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

6

analysis. The Board concluded that the "going and coming rule" did not bar DeSantis' recovery even though he was driving home at the time of the accident because DeSantis was an employee with a "semi-fixed place of employment." The Board committed legal error in applying the "going and coming" rule and the "semi-fixed place of employment" exception.

Because DeSantis' employment contract specified that he would not be compensated for travel from work to home, *Spellman* required a ruling that the injury incurred while driving home from work did not arise out of and in the course of employment. The Board should not have considered the "going and coming" rule or any exceptions thereto unless there was insufficient evidence about the employment contract to resolve the inquiry into whether the accident arose out of and in the course of DeSantis' employment. Nevertheless, the Hearing Officer considered the rule and the exception as part of the contractual analysis, even though there was ample evidence about the terms of the employment contract to resolve the inquiry without resorting to the "going and coming" rule. Thus, the Board committed legal error inconsistent with the decisional law as set forth in *Spellman* by applying the "going and coming" rule.

The Board found in the alternative that DeSantis' injuries were compensable because his travel activity was "unusual, urgent or risky."[20] Similarly, this

---

[20] *Gondek*, 2013 WL 7095816, at *2.

7

conclusion flowed from a legal error. The Delaware Supreme Court in *Spellman* did not provide that the Board could award compensation if the circumstances of the employee's travel were "unusual, urgent, or risky." Thus, to the extent that the Hearing Officer applied an "unusual, urgent, or risky" analysis, the Board committed legal error.[21]

Therefore, even though the Board correctly stated the legal standard, it was not correctly applied. In the analysis set forth in the Board Decision, the Board first considered the terms of the employment contract and found that DeSantis was not compensated for time commuting to and from his home. Under *Spellman*, the inquiry should have ended upon the ruling that the terms of DeSantis' compensation by DelDot did *not* include compensation for time spent commuting. Nevertheless, the Board found DeSantis' injuries were compensable by applying an exception to the "going and coming" rule and by ruling, in the alternative, that another exception applied in that, according to the Board, DeSantis' travel was "unusual, urgent, or risky." Accordingly, the Board's Decision that DeSantis sustained compensable injuries in a work accident arising out of and in the course of employment, was the

---

[21] Where, as here, the first step of the contractual analysis resolves the issue of compensability, then the inquiry ends under *Spellman*. To the extent that *Gondek* provides an alternative analysis, this Court declines to follow *Gondek*.

result of legal error. Therefore, this matter must be remanded to the Board for proceedings consistent with this decision.[22]

## Conclusion

For the reasons stated, the Court hereby finds that the Board committed legal error in its award of workers' compensation for injuries that occurred when an employee was commuting home from work under circumstances where his employment contract did not provide compensation for time spent commuting.

**NOW, THEREFORE, this 17ᵗʰ day of October, 2017, the decision of the Industrial Accident Board is REVERSED and REMANDED for further proceedings consistent with this opinion.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[22] *See e.g., Fawcett*, 2007 WL 2142849, at *5 (citing *Future Ford Sales, Inc. v. Public Service Commission of the State of Delaware*, 654 A.2d 837, 846 (Del. 1995).