# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| Jamia Queen, | ) ) ) ) | |
| Appellant | ) ) | C.A. No. N18A-08-003 CLS |
| v. | ) ) | |
| Unemployment Insurance Appeal Board, | ) ) ) | |
| Appellees. | ) ) ) | |

Date Submitted: October 26,2018
Date Decided: November 14, 2018

Upon Consideration of Appellant's Appeal from the
Unemployment Insurance Appeal Board.
**AFFIRMED**

Jamia Queen, 2115 Washington Street, Apartment B, Wilmington, Delaware, 19802. *Pro Se* Appellant.

Victoria W. Counihan, Esquire, Department of Justice, 820 North French Street, 6th Floor, Wilmington, Delaware, 19801.  Deputy Attorney General.

**Scott, J.**

This is an appeal from the Unemployment Insurance Appeals Board (UIAB). Jamia Queen (Claimant) is seeking a review of the decision by UIAB that her appeal to the Board was untimely.

**Facts**

There appears to be confusion as to the unemployment claim at issue on appeal. The only unemployment claim before the Court is The Department of Labor Case Number 11090188, with a claim date of January 28, 2018. The Appeals Referee's finding of fact noted Claimant separated from her most recent employer as of April 24, 2018. The Referee did not determine eligibility for benefits related to the April separation, and as such eligibility for the April separation was not impacted by the Board's decision.

Claimant applied for and had been approved to receive unemployment benefits on the January 28 claim. Beginning March 5, 2018, Claimant was employed as a housekeeper for a hotel in the City of Wilmington. Claimant applied for and received unemployment benefits for the week ending March 24, 2018. During a cross match investigation, it was determined Claimant was no longer unemployed and therefore ineligible to continue receiving benefits on the January claim for the week ending March 24. Claimant appealed that determination, and a hearing was conducted before an Appeals Referee on May 16, 2018.

At the hearing, Claimant's employer argued that Claimant was employed as of March 24, 2018 receiving full time hours. Claimant argued she was eligible to continue receiving benefits. The Appeals Referee affirmed the finding that as of March 24, 2018, Claimant was employed and therefore ineligible to receive benefits for the unemployment claim dated January 28, 2018. The Referee's decision was mailed on May 18, 2018, to Claimant's new address. The notice of the Referee's decision stated the final date to appeal the decision was May 28, 2018. The May 28 date is in accordance with the Unemployment Compensation statutes permitting claimants to file an appeal of the decision to the UIAB. Under 19 *Del. C.* § 3318 (c) if an appeal is not filed within 10 days the decision becomes final.[1]

On June 13, 2018, Claimant filed an appeal request of the Referee's decision. The UIAB held a hearing on August 1, 2018. The sole issue before the Board was the timeliness of Claimant's appeal. On August 1, The Board determined Claimant's circumstances did not warrant accepting the appeal, and affirmed the Referee's decision. Claimant filed this appeal asserting she is still eligible for benefits.

## **Standard of Review**

In any judicial proceeding under this section, the findings of the UIAB as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive,

---

[1] 19 *Del. C.* § 3318 (c).

and the jurisdiction of the Court shall be confined to questions of law.[2] The Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[3] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[5]

## Analysis

Under 19 Del. C. § 3318(c), a Referee's decision becomes final unless a further appeal is initiated within 10 days after the mailing of their decision.[6] The UAIB has the discretion to allow an appeal filed later than 10 days in severe circumstances, but it is not required to do so.[7]

In the instant case, Claimant's appeal to the Board was filed two weeks beyond the May 28 deadline for her appeal. The record reflects the Referee's and the Board's decisions were mailed to Claimant's correct address. Despite Claimant's argument that a change of address prior to the hearing before the Referee delayed

---

[2] 19 *Del. C.* § 3323 (a).
[3] *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del.1993).
[4] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (citing *Olney v. Cooch*, 425 A.2d 610, 614 (1981)).
[5] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965).
[6] 19 *Del. C.* § 3318 (c).
[7] *See Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

receipt of the decision, there is no indication of an administrative error on the part of the Department of Labor.[8] Accordingly, the Board's decision is affirmed.

### Conclusion

For the reasons stated, the Board's decision to affirm the Referee's decision that Claimant was not eligible to continue to receive benefits on the January 28, 2018, claim for the week ending March 24, 2018, is **Affirmed**.

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**

---

[8] See *Alcide v. Mountaire Farms of DE, Inc.*, 2018 WL 3173495, at *2 (Del. Super. Ct. 2018).