Clara COMEGYS, Claimant
Below–Appellant,

v.

GENERATIONS HOME CARE,
Employer Below–Appellee.

C.A. No. 03A–11–002 (JTV).

Superior Court of Delaware,
Kent County.

Submitted: Jan. 21, 2005.
Decided: April 29, 2005.

Walt F. Schmittinger, Schmittinger & Rodriguez, Dover, DE, for Appellant.

Sean Dolan, Marshall, Dennehey, Warner, Coleman & Golgin, Wilmington, DE, for Appellee.

## OPINION

VAUGHN, President Judge.

Clara Comegys ("the claimant") has filed this appeal from a decision of the Industrial Accident Board ("the Board"). In its decision, the Board determined that the claimant's weekly wages, calculated pursuant to 19 *Del. C.* § 2302, were \$431.13. Her workers' compensation award was based upon that calculation. One of the steps in calculating a claimant's weekly wages is to determine the employer's average work week. In this case, the Board calculated an average work week for the employer by averaging the claimant's work weeks for the period from December 27, 2002 through May 30, 2003.

In this appeal, the claimant contends that the Board's calculation of the employer's average work week contains legal error. For the reasons which follow, I agree with the claimant. The case must, therefore, be reversed and remanded to the Board for a new hearing.

## FACTS

The claimant began working as a Certified Nursing Assistant for Generations Home Care, Inc. ("the employer") in June of 1997. As a result of her work, she suffered a cumulative detrimental overuse injury to her shoulder which required surgery. The parties agreed to the compensability of the claim and the periods of disability, but were unable to reach an agreement as to the calculation of her wages under the Workers' Compensation Act.

At the hearing before the Board, the claimant testified that her pay per hour was \$9.93 for weekdays, \$12.93 for weekends, \$14.895 for any hours over forty, and \$14.895 for holidays. Also admitted into evidence were the claimant's pay stubs for the period from January 1, 2003 to May

30, 2003 and a summary, prepared by claimant's counsel, of her average weekly wage for that time period. The claimant did not present any evidence of the employer's average work week. Counsel for the claimant argued he was unable to do so because the employer never provided him with employee payroll records that were requested during discovery.

The Board also heard the testimony of Shelly Soriano, the clinical nurse manager for Generations. Counsel for the claimant objected to all or part of any testimony that was received from her based upon the employer's failure to produce its employee payroll records in response to his request for production. The Board did not address the employer's failure to produce payroll records and allowed the witness to testify as to her "personal knowledge of her dealings with the Claimant." The employer did not present any evidence of its average work week and did not present any payroll records.

As mentioned, the Board calculated an average work week for the employer by averaging the claimant's work weeks for the period from December 27, 2002 through May 30, 2003. This average, as determined by the Board, was forty hours per week.[1] The Board then applied the claimant's wage rates to the employer's average work week as thus determined, and arrived at a weekly wage for the claimant of $431.13. It awarded compensation of two-thirds of that amount, or $287.42. The Board specifically declined to include overtime hours in its calculations.

## CONTENTIONS OF THE PARTIES

The claimant argues that the Board erred in failing to include the claimant's overtime in the calculation of her average weekly wage and in using a forty hour work week in its calculation. The claimant contends that the substantial evidence in the record indicates that her average work week was more than forty hours. She further argues that the employer retained the right to require employees to work overtime, thus making overtime mandatory. Lastly, the claimant argues that she was denied due process when the Board allowed Shelly Soriano to testify despite the fact that Generations failed to produce payroll records until the night before the hearing.

The employer responds that the Board's decision was free from legal error and supported by substantial evidence.

## STANDARD OF REVIEW

 The scope of review for appeal of a board decision is limited to examining the record for errors of law and determining whether substantial evidence is present on the record to support the Board's findings of fact and conclusions of law.[2] "Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[3] On appeal, the court does not "weigh the evidence, determine questions of credibility, or make its own factual find-

---

1. The Board stated this forty hour approximation was consistent with the Pre-trial Memorandum submitted by the parties. However, because the Pre-trial Memorandum is not in the record on appeal, the Court cannot rely on this evidence.

2. *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del.1993); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965); *Robinson v. Metal Masters, Inc.*, 2000 WL 1211508, 2000 Del.Super. Lexis 264.

3. *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981); *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

ings."[4] The court is simply reviewing the case to determine if the evidence is legally adequate to support the agency's factual findings.[5] The court must give "due account of the experience and specialized competence of the Board and of the purposes of our workers' compensation law."[6]

## DISCUSSION

### A. Average Work Week

■ Calculation of an employee's weekly wages is governed by 19 *Del. C.* § 2302. The relevant section is as follows:

> (b) If the rate of wages is fixed by the day or hour, the employee's weekly wages shall be taken to be that rate times the number of days or hours in an average work week of the employee's employer at the time of the injury.

Section 2303(b) requires the Board to determine the employer's average work week by averaging the work week of all its full-time employees.[7] The Board correctly stated "as to the average work week, the Board must make its calculation based on the average of all full-time employees at Generations."[8] The Board did not do this, however, giving as a reason that it was not presented with any evidence of the employer's average work week. Instead, the Board substituted the claimant's average work week for the period from December 27, 2002 to May 30, 2003. It declined to include the claimant's overtime in this average, citing the lack of evidence as to the average amount of overtime worked by employees of Generations.

It appears that counsel for the claimant made an appropriate pre-hearing request for production to discover the employer's employment records but the employer failed to produce them. At the hearing, the claimant's counsel objected to the employer's failure to produce these records. Because the records were not produced, the claimant was denied the opportunity to establish the employer's average work week. The result was the Board's act of substituting the employee's average work week for the employer's average work week. Doing so was legally incorrect. The employee's average work week and the employer's average work week are separate facts based upon separate evidence. The employee's average work week is relevant only insofar as it is included with the work weeks of other full-time employees to arrive at an employer's average work week.

Since the Board's calculation of the employer's average work week is legally incorrect, the matter must be reversed and remanded to the Board for a new hearing. At that hearing, the claimant must be afforded an opportunity to establish by a preponderance of the evidence the employer's average work week based upon the hours of all of the employer's full-time employees. The employee payroll hours sought in her request for production must be produced so that she has an opportunity to meet her burden.

### B. Wage Rate

Since the matter must be remanded to the Board for a new hearing, I will address

---

4. *Johnson,* 213 A.2d at 66.

5. *ILC of Dover, Inc. v. Kelley,* 1999 Del.Super. Lexis 573, at *3.

6. *Histed,* 621 A.2d at 342.

7. *Springer v. Sigma Indus.,* 2001 WL 880124, at *2, 2001 Del.Super. Lexis 279, at *6 (citing

*Furrowh v. Abacus Corp.,* 559 A.2d 1258, 1261 (Del.Super.Ct.1989)).

8. *Comegys v. Generations Home Care, Inc.,* IAB Hearing No. 1233896 (October 30, 2003) at 4.

the method of determining the claimant's wage rate.

In order to calculate an employee's rate of compensation under § 2302(b), the Board must determine the claimant's wage rate by the day or hour, as the case may be. Section 2302(a) defines the term "wages" to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident.

■ The claimant presented evidence that she was regularly paid at different rates; one rate for weekdays, another for weekends, and a third for overtime and holidays. The Board accepted this evidence. It then examined the claimant's pay stub for the pay period of May 17, 2003 through May 30, 2003 and found that in an average week for that two-week period the claimant worked forty hours, broken down as thirty hours of straight time at $9.93 per hour, eight hours of weekend time at $12.93 per hour, and two hours of holiday time at $14.895 per hour. It appears that the Board then applied this break down of hours to a forty hour work week and applied each of the three wage rates to the respective number of hours compensable at that rate. This proration of wage rates, based upon one average week derived from one two-week pay period, is not supported by substantial evidence because it ignores all of the claimant's other work periods which were in

evidence. It also repeats the confusing of the employee's average work week and the employer's average work week.

■ This error should be corrected when the Board makes a legally correct calculation of the employer's average work week. If the claimant is able to establish by a preponderance of the evidence that the employer's average work week includes weekend time and/or holiday/overtime, the Board should apply the claimant's higher wage rates for weekend work and/or holiday/overtime work, respectively, to those hours of the employer's average work.

■ This resolution of the issues makes it unnecessary to consider the claimant's claim that the Board should have considered her overtime. Overtime is relevant only as it may be a part of the employer's average work week.

### CONCLUSION

For the foregoing reasons, the matter is *reversed and remanded* for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**