# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PADMAJA CHARYA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N21A-07-001 CLS |
| A SEED OF HOPE, JEWISH FAMILY | ) | |
| SERVICES, | ) | |
| and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD | ) | |
| | ) | |
| Appellees. | | |

Date Submitted: October 15, 2021
Date Decided: December 15, 2021

*Upon Appellant's Appeal from a Decision of the Unemployment Insurance Appeal Board.* **AFFIRMED.**

## ORDER

Padmaja Charya, Wilmington, DE, 19802, *Pro Se*, Appellant.

Victoria W. Counihan, Esquire, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Appellee, Delaware Division of Unemployment Insurance.

Victoria Groff, Esquire, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Appellee, Delaware Unemployment Insurance Appeal Board.

Lauren E.M. Russell, Esquire, Young Conaway Stargatt & Taylor, Wilmington, Delaware, 19801, Attorney for Appellee, Attorney for Appellee, A Seed of Hope Counseling Center, LLC

**SCOTT, J.**

1

Upon consideration of Appellant Padmaja Charya's ("Ms. Charya") appeal from the decision of the Unemployment Insurance Appeal Board (the "Board") affirming the decision of the Appeals Referee and ordering Ms. Charya to pay back benefits as she was not eligible for unemployment benefits, and the record of the case, it appears:

1. Ms. Charya filed for unemployment benefits on December 1, 2019, as her employment with A Seed of Hope Counseling Center, LLC, ended. She was awarded and collected benefits for the weeks of December 7, 2019, and December 14, 2019. Ms. Charya's weekly benefit was $400.00, and she elected to have federal taxes withdrawn and paid on her behalf to the IRS.

2. The Delaware Division of Unemployment ("Division"), Appellee in this present case, investigated Ms. Charya's claim and requested Ms. Charya provide severance information to the Division by January 9, 2020, even though nothing in Ms. Charya's file indicated she may have received a severance package when her employment ended. The requested severance information was not provided by the deadline.

3. On January 14, 2020, a Claims Deputy, issued a decision ("ineligibility decision"), finding Ms. Charya ineligible for benefits "effective with or for

week ending 12/07/19" for failure to respond to the Division's investigation.[1]

This ineligibility decision is the decision used to determine the overpayment amount, which is the issue before the Court in this appeal. The findings of fact of the ineligibility decision states: "The claimant was asked to provide copies of severance information. The information was due no later than January 9, 2020. The claimant has not provided this information. They are ineligible for UI benefits until such time as the information is received."

4. Ms. Charya had until January 24, 2020, to appeal the ineligibility decision before the decision became binding. Ms. Charya filed an untimely appeal of the ineligibility decision on January 30, 2020.

5. On March 9, 2020, an Appeals Referee, Kathleen D. Smith, held a hearing and issued a decision on the sole issue of the timeliness of Ms. Charya's appeal. At the hearing, Ms. Charya testified she was dealing with a school shooting, death of her father, and her work and professional schedules were very demanding. She also stated she supplied all the documentation requested and admittedly missed the deadline. Because there was no evidence the ineligibility decision was mailed to the wrong address, which created a

---

[1] 19 Del. C. 3315(2). Unemployment Insurance Regulation 6.2.1 provides a claimant must report to the Delaware Division of Unemployment Insurance whenever instructed to do so to establish eligibility for benefits.

3

rebuttable presumption of delivery, and because Ms. Charya failed to provide evidence "severe circumstance" which prevented her from filing the appeal timely, the appeal was rejected, and the ineligibility decision became final and binding.

6. Ms. Charya appealed the Appeals Referee Kathleen D. Smith's decision regarding her timeliness and on April 21, 2020, the Board denied review of her appeal and affirmed the Appeals Referee's determination finding Ms. Charya did not provide "severe circumstances" which did not allow her to file her appeal on time. Ms. Charya declined to appeal further. The ineligibility decision is final and is not the appeal before this Court.

7. On July 22, 2020, the Division issued an overpayment order of $120.00 ("$120.00 overpayment order") because nonfraudulent overpayment was found for the same two weeks (the weeks ending on December 7, 2019, and December 14, 2019), which Ms. Charya paid back to the Division. We do not have access to the facts and circumstances surrounding this overpayment order as it was not included in the record produced by the Board. However, in the Division stated in its answering brief the overpayment of $120.00 was due to Ms. Charya underreporting wages.

4

8. Consequently, because of the ineligibility decision, the Division then began a separate administrative proceeding to establish the overpayment amount to recoup monies owed, which is the basis of this appeal. On December 2, 2020, a Division Claims Deputy issued an overpayment determination ("overpayment decision") establishing overpayment of $800.00 total for the two weeks Ms. Charya collected benefits in December 2019.

8. Ms. Charya appealed the overpayment decision. Upon a hearing before Appeals Referee Kathleen D. Smith on April 6, 2021, the Appeals Referee upheld the overpayment decision on April 8, 2021. Ms. Charya appealed to the Board on April 10, 2021, and the Board affirmed Appeals Referee Kathleen D. Smith's decision on June 17, 2021. In the Board's affirmation opinion, it stated "the only issues to be considered during an appeal of an overpayment decision are: (1) whether Claimant received overpayment notice; (2) whether the amount of the overpayment is accurate; and (3) whether the overpayment is directed toward the proper individual." The Board addressed the validity of the ineligibility decision by acknowledging the ineligibility decision as valid and binding because Ms. Charya did not timely appeal the ineligibility determination and she was heard on timeliness.

9. On June 27, 2021, Ms. Charya appealed the Board's affirmation of Appeals Referee Kathleen D. Smith's overpayment decision to this Court. On

September 1, 2021, Ms. Charya filed her Opening Brief. On September 21, 2021, the Division filed an Answering Brief. Then, on October 5, 2021, Ms. Charya filed a Reply Brief to the Division's Answering Brief.

10. On appeal from the Unemployment Insurance Appeal Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence in the record and free from legal error.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[4] The Court does not "weigh evidence, determine questions of credibility or make its own factual evidence findings."[5]

11. On appeal, Ms. Charya attempts to relitigate the validity of the ineligibility decision, which is not before this Court. She contends she never received severance pay from her employer, nor did she receive information on severance policies. Attached to Ms. Charya's appeal is an email thread from her former employer. She also raises an issue of overpayment of $120.00, due

---

[2] *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del.1993).
[3] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (*citing Olney v. Cooch*, 425 A.2d 610, 614 (1981)).
[4] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965).
[5] *Id.* at 67.

to underreported wages from the same two weeks in December 2019 at issue here.

12. The Division argues the ineligibility decision is final and binding because Ms. Charya filed an untimely appeal, which was denied by an Appeals Referee after a hearing and was again denied by the Board on appeal because Ms. Charya did not have good cause for her untimeliness. Therefore, because the appealed decision is based upon the ineligibility decision, the Board made its decision based on substantial evidence and is free from legal error. We agree. The Division also contends any monies paid previously would be credited toward the approved overpayment amount, $800.00.

11. The overpayment decision, which is the decision Ms. Charya has appealed to this Court, is based upon the final and binding ineligibility decision. As previously stated, the ineligibility decision became final and binding when the Claims Deputy's found Ms. Charya's appeal of the ineligibility decision was untimely, and she lacked good cause for being untimely and the Board affirmed the Claims Deputy when Ms. Charya attempted to appeal the issue of timeliness.

12. Because the appeal before this Court, the overpayment decision, was based on the final and binding ineligibility decision, it is supported by

7

substantial evidence, and the Court finds the overpayment decision to be free from legal error.

12. The Court also finds the Board did not abuse its discretion when it affirmed the Referee's determination, or when it declined to hear the appeal pursuant to 19 Del. C. § 3320. There is no evidence there was any administrative error on the part of the Department of Labor. The Court finds that these circumstances do not rise to a level where the Board would be required to act in the interests of justice.

13. As mentioned in the Division's Answering Brief, the payment Ms. Charya made before the overpayment decision was issued of $120.00 shall serve as a credit to the $800.00 now owed.

Therefore, for the reasons stated above, the decision of the Board is **AFFIRMED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

8