# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASMINE WEDDINGTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N24A-04-004 CLS |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |
| | ) | |

Date Submitted: June 10, 2024
Date Decided: August 28, 2024

Upon Appellant's Appeal from a Decision of the Unemployment Insurance Appeal Board. **AFFIRMED.**

## <u>ORDER</u>

Jasmine Weddington, Wilmington, Delaware, 19801, Pro Se, Appellant.

Matthew B. Frawley, Esquire, Deputy Attorney General, Wilmington, Delaware, 19801, Attorney for Appellee, Delaware Unemployment Insurance Appeal Board.

**SCOTT, J.**

1

## INTRODUCTION

Before this Court is Appellant Jasmine Weddington's ("Ms. Weddington") appeal from the decision of the Unemployment Insurance Appeal Board (the "Board") denying Ms. Weddington's hearing request after she failed to appear for her Board hearing on February 14, 2023. The Court has reviewed the parties' submissions and the record below. For the following reasons, the Board's decision is **AFFIRMED.**

## FACTUAL AND PROCEDURAL CONTEXT

Ms. Weddington had a Board hearing on February 14, 2024, but failed to appear. The Board dismissed the case and mailed the decision to Ms. Weddington on February 14, 2024. The decision became final on February 29, 2024. Ms. Weddington filed a request for a rehearing on February 17, 2024. The Unemployment Insurance Appeal Board denied Ms. Weddington's request for a rehearing. Ms. Weddington now files an appeal of the Unemployment Insurance Appeal Board's decision before this Court.

## PARTIES CONTENTIONS

*Ms. Weddington's Contentions*

Ms. Weddington contends she inadvertently confused the time of the hearing scheduled for February 14, 2024. Ms. Weddington arrived one hour and twenty minutes late to the hearing and contends she confused the time of the hearing with

the time of her physical therapy appointment. Ms. Weddington contends she filed for a rehearing but was denied and not considered for unemployment appeals insurance. Ms. Weddington also contends that she appeared for all prior hearings but her employer, Nemours, failed to appear for any hearing related to this matter. Ms. Weddington asks this Court to provide clarification and render a decision regarding her unemployment benefits eligibility status.

*Unemployment Insurance Appeal Board Contends*

The Board contends its decision should be affirmed because it did not abuse its discretion in denying Ms. Weddington's rehearing request. Ms. Weddington failed to appear for the February 14, 2024, hearing. Ms. Weddington was sent a Board hearing scheduling notice on February 2, 2024, to her address of record. The scheduling notice indicated the hearing was at 9:40 am. The Board adverts that Ms. Weddington's physical therapy appointment, which conflicted with the February 14, 2024, hearing was not sudden, irregular, or unexpected because she regularly attended her physical theory appointments multiple times a week starting on January 15, 2024. Thus, the Board asserts it did not abuse its discretion in its denial of Ms. Weddington's rehearing request.

3

# STANDARD OF REVIEW

On appeal from the Unemployment Insurance Appeal Board, the Superior Court must determine if the Board's factual findings are supported by substantial evidence on the record and free from legal error.[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] The Court must review the record to determine if the evidence is legally adequate to support the Board's factual findings.[3] The Court does not "weigh evidence, determine questions of credibility or make its own factual evidentiary findings."[4]

When a discretionary ruling of the Board is appealed, the Court's scope of review is "limited to whether the Board abused its discretion."[5] In this instant case, this Court will review the Board's decision to determine whether the Board's refusal to reconsider Appellant's appeal was an abuse of discretion.

---

[1] *Unemployment Ins. Appeal Bd. v. Duncan*, 621 A.2d 340, 342 (Del.1993).
[2] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (citing *Olney v. Cooch, 425 A.2d 610 (Del. 1981)).*

[3] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del.1965).
[4] *Id.* at *67.
[5] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

**DECISION**

This Court may conduct judicial review of a Board decision only after the aggrieved party has exhausted all administrative remedies as provided by Title 19, Chapter 33 of the Delaware Code.[6] A claimant's final remedy in this context is a hearing before the Appeal Board.[7] This Court has viewed the failure to appear at a Board hearing as an appellant's failure to exhaust all administrative remedies.[8] Pursuant to a Board administrative rule, the "[f]ailure to appear within 10 minutes of the time indicated on the Notice may result in the Board hearing the appeal in absence of the delinquent party or, if the delinquent party is the appellant, dismissal of the appeal."[9] This Court has recognized the Board's discretion to enforce this administrative rule because the rule helps the Board to "efficiently manage and dispose of cases before them."[10]

Appellant suffered substantial injuries; however, this Court's appellate review of a Board decision is limited. "In reviewing the decisions of the [Board],

---

[6] *Petrilli v. Discover Bank*, 2012 WL 1415705 (Del. Super. 2012); 19 Del C. § 3322(a).

[7] *Id.*

[8] *Griffin v. Daimler Chrysler*, 2000 WL 33309877 (Del. Super. Ct. 2001) (The Court declined to jurisdiction to address the merits of an appeal where a party failed to exhaust administrative remedies by not appearing at a Board Hearing).

[9] 19 Del. Admin. C. § 1201–4.2.

[10] *Archambault v. McDonald's Restaurant*, 1999 WL 1611337, at *2 (Del.Super.); *Hash v. Guardian Fence*, 1994 WL 711192 at *2 (Del.Super.).

this Court must determine whether the findings and conclusions of the [Board] are free from legal error and supported by substantial evidence on the record."[11] Substantial evidence means "Such relevant evidence as a reasonable mind might accept as adequate to support the conclusion."[12] The Court "does not weigh the evidence, determine questions of credibility, or make factual findings."[13] A discretionary decision of the Board will be upheld absent an abuse of discretion.[14] An abuse of discretion occurs when the Board "exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice."[15] The Court reviews questions of law *de novo* to determine "whether the Board erred in formulating or applying legal precepts."[16]

19 Del. C. § 3322(a) only permits judicial review of a Board decision "after any party claiming to be aggrieved thereby has exhausted all administrative remedies as provided by this chapter."[17] To the extent that Ms. Weddington seeks to have this Court decide the merits of her claim for unemployment benefits, her

---

[11] *Federal Street Financial Service v. Davies*, 2000 WL 1211514, at *2 (Del.Super.Ct.) (citing *Unemployment Insurance Appeal Board v. Martin*, 431 A.2d 1265 (Del.1981)).

[12] *Breeding v. Contractors-One-Inc.,* 549 A.2d 1102, 1104 (Del.1988).

[13] *Hall v. Rollins Leasing,* 1996 WL 659476, at *2 (Del.Super.Ct ) (citing *Johnson v. Chrysler Corp., 59 Del. 48, 213 A.2d 64 (1965).*

[14] *Strazzella v. Joe Tejas, Inc*., 2008 WL 376354, at *2 (Del. Super. Ct.).

[15] *Id*. at *2.

[16] *Id*. at *2.

[17] *Griffin v. Daimler Chrysler,* 2000 WL 33309877, at *1 (Del.Super.Ct.).

failure to appear before the Board and present her case precludes consideration of any evidence she offers to this Court.[18]

The issue before this Court is whether the Board abused its discretion when it denied Ms. Weddington's request for a rehearing. The Superior Court has consistently found the Board does not abuse its discretion for dismissing an appellants case for failure to appear.[19] In *Strazzella v. Joe Tejas, Inc.*, the Court found that the Board did not abuse its discretion when it denied appellant a rehearing for failing to attend the first hearing.[20] The Court reasoned the Board followed its regulations and provided due notice to all parties involved, waited ten minutes after the scheduled hearing for [appellant] to appear, and then dismissed [the] appeal.[21] Similarly, the Board did not abuse it's discretion in this case. The Board provided due notice to all parties and afforded Ms. Weddington an opportunity to file for a rehearing. Ms. Weddington has not demonstrated excusable neglect sufficient to excuse her failure to timely appear for the Appeal

---

[18] *Id.* at *2 ("The Appellant failed to appear at the Board hearing, and the merits were not addressed by the Board. As such, the Court lacks jurisdiction to review the merits of the case because the Appellant did not exhaust all administrative remedies by not presenting his case to the Board.").

[19] *Archambault v. McDonald's Restaurant* 1999 WL 1611337 (Del.Super.Ct.); *Strazzella v. Joe Tejas, Inc.,* 2008 WL 376354, at *2 (Del. Super. Ct.).

[20] *Strazzella v. Joe Tejas, Inc.,* 2008 WL 376354, at *2 (Del. Super. Ct. 2008).

Board hearing. Like in *Strazzella*, the board acted fairly, followed its regulations and its decision to deny the application for a rehearing was proper.

## CONCLUSION

Accordingly, for all the reasons stated above, the decision of the Unemployment Insurance Appeal Board is **AFFIRMED.**

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

---

[21] *Id.* at \*2.